Williams v. Brown.

WALTER WILLIAMS et al., Copartners, etc., *Appellees, v.*
W. W. BROWN, *Appellant.*

No. 17,923.

SYLLABUS BY THE COURT.

SALE—*By Agent—Payment of Debts—Commissions—Balance.*
Where one is employed to sell property for another and is
authorized to pay from the proceeds of the sale certain speci-
fied debts of his employer, he is liable in an action therefor
by his employer for the balance of the purchase price of the
property received by him, less his commission and such dis-
bursements as he has made by the direction of his employer.

Appeal from Sedgwick district court, division No. 2.
Opinion filed January 11, 1913.   Affirmed.

*J. A. Brubacher,* and *James Conly,* both of Wichita,
for the appellant.

*R. L. Holmes,* and *Charles G. Yankey,* both of Wich-
ita, for the appellees.

The opinion of the court was delivered by

SMITH, J.:   The appellees, as copartners doing busi-
ness in the name of the O. K. Family Laundry, were the
owners of certain laundry machinery, fixtures and ap-
pliances, which were located in a building owned by
Mrs. Cubbon in Wichita.

The appellees, with their wives, entered into a written
lease with Mrs. Cubbon and her husband by the terms
of which the Cubbons leased to appellees the ground
floor of the building for a term beginning November 1,
1909, and ending May 1, 1912, at the rental of $1050,
payable in monthly installments of $35 in advance on
the first day of each month during the term.   The lease
also contained provisions which, in effect, made it a
chattel mortgage upon the property of the lessees in
the building to secure the payment of the rent.   The
lease was filed in the office of the register of deeds.

It appears that the appellees became in financial stress, and the Stockyards State Bank, of which Cubbon was vice president and appellant was cashier, had a mortgage on the same property for $1000 and also held unsecured bills against appellees for several hundred dollars. The appellees employed the appellant to sell the property for them if he could get $2500 therefor, and to pay him $50 as his commission if he made the sale. A sale was effected for $1800, to which appellees assented, and a bill of sale was given in which was a covenant that the goods and chattels were free and clear of all incumbrances. This bill of sale was signed by the O. K. Family Laundry, per Walter Williams, and the Stockyards State Bank, per W. W. Brown, cashier.

The appellant received the $1800 and paid the bank its mortgage and unsecured claims, and there remained in his hands as proceeds of the sale $457. Of this remainder he offered $8 to the appellees and turned over $449 to Mr. Cubbon. The appellees demanded the payment of the $457 to them, and upon the refusal thereof by the appellant they brought this action.

It does not appear that the appellees assigned their lease of the building to the purchaser of the machinery or that Cubbon made any new lease to the purchaser. The purchaser, however, repeatedly paid rent to Cubbon and Cubbon received it. Besides receiving rent from the purchaser of the machinery, the Cubbons made considerable improvements to the building and permitted its occupancy by the purchaser.

The appellant claims that the mortgaged property was sold free and clear of incumbrances for the appellees, and that he supposed Cubbon was entitled to the balance of the purchase price, after paying the mortgage and unsecured bills, to secure the payment of the rent to the end of the term. He does not claim to have had any authority from appellees to turn the money over to Cubbon, nor does it appear that any

arrangement was made between him and Cubbon as to the purpose for which the money was to be turned over or the purpose for which it was to be held.

Cubbon's security was not affected by the sale of the property. The mortgage was of record and the purchasers were bound to take notice of it. It does not appear that the purchaser was affected by allowing the mortgage to stand unreleased. It stood only as security for rent, which they recognized their liability to pay by paying it from time to time as it came due. There does not appear to have been any contract, however, that the purchaser was to occupy and pay the rent for the term it was leased. But however this may be, Cubbon was only entitled to the rent from month to month as it came due, and nothing was due at the time the appellant turned over the $449.

· Even if some rent had, in fact, been due, the appellant had no right to pay it out of appellees' money unless he had express authority from the appellees, or authority clearly to be implied from all the circumstances of· ·the transaction, so to do, neither of which appears in this case.

The judgment of the court is affirmed.